**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EUNICE MAE BLACKWELL, | DOCKET NUMBER |
| Appellant, | DC-831M-21-0206-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE:  January 2, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eunice Mae Blackwell, Henrico, Virginia, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an Office of Personnel Management (OPM) final decision as untimely filed without a showing of good cause for her filing delay. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and supplement the administrative judge's analysis regarding whether the appellant established good cause for her filing delay, we AFFIRM the initial decision.

## BACKGROUND

In a final decision dated April 1, 2020, OPM denied the appellant's application for a retirement annuity because she was no longer employed with the Federal Government and had received a refund of her retirement contributions on October 27, 2003. Initial Appeal File (IAF), Tab 6 at 9. OPM informed the appellant that she had 30 calendar days after the date of the decision, or 30 days after her receipt of the decision, whichever is later, to file her appeal with the Board. *Id*. at 10. OPM indicated that it enclosed a package that contained Board regulations, Board office locations, and a Board application form with filing instructions. *Id*.

According to the appellant, she sent a letter to OPM's Retirement Services 10 days after receiving the decision. IAF, Tab 8 at 3. She asserted that she contacted OPM multiple times for status updates and that OPM never instructed her that she had to file her appeal with the Board. *Id*. at 3-5. She explained that,

after reviewing her documents, she discovered that she had sent her appeal to the incorrect address. *Id*. at 4-5.

On January 29, 2021, the appellant filed an appeal with the Board, claiming that she never received a refund of her retirement contributions. IAF, Tab 1 at 3, 5-6. OPM moved to dismiss the appeal as untimely filed. IAF, Tab 6 at 4-6. The administrative judge issued a timeliness order informing the appellant that her appeal may be untimely filed and ordering her to file evidence and argument showing that the appeal was timely filed or that good cause existed for the delay. IAF, Tab 7. In response, the appellant asserted that she received OPM's final decision on April 1, 2020, but that she mistakenly filed her appeal with OPM on April 10, 2020. IAF, Tab 8 at 3-5.

Without conducting a hearing, the administrative judge dismissed the appeal as untimely filed without a showing of good cause for the filing delay. IAF, Tab 9, Initial Decision (ID) at 1, 4. In so finding, the administrative judge noted that OPM's final decision put the appellant on clear and unmistakable notice of the Board's contact information and the deadline for her appeal, but the appellant did not mail her appeal to the Board until January 29, 2021, approximately 268 days late. ID at 3-4. The administrative judge acknowledged the appellant's assertion that she mistakenly filed her appeal with OPM rather than the Board, ID at 2, but she found that the appellant's allegation did not rise to the level of good cause for her delay and did not evidence an attempt to exercise due diligence in filing her appeal, ID at 4.

The appellant filed a petition for review, asserting that her appeal was timely mailed to the Board's Washington Regional Office. Petition for Review (PFR) File, Tab 1 at 4, 6. OPM filed a response but did not specifically dispute the appellant's assertions on review. PFR File, Tab 3. The Office of the Clerk of the Board issued a show cause order to the parties instructing them to produce relevant evidence regarding the appellant's alleged submission of her appeal to OPM, such as a tracking number, a certified mail receipt, or an affidavit or a

sworn statement. PFR File, Tab 5 at 3. The Clerk's Office explained that any affidavit or statement provided in response to the order must provide specific details concerning the appellant's mailing. *Id*. OPM stated that it had no record of receipt of the appellant's April 10, 2010 letter, PFR File, Tab 6 at 4, and the appellant did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of proof with regard to timeliness, which she must establish by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B). An appeal of an agency decision must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date the agency's decision is received, whichever is later. 5 C.F.R. § 1201.22(b). If an appellant fails to timely submit her appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c).

To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Maggard v. Office of Personnel Management*, 102 M.S.P.R. 75, ¶ 8 (2006). OPM's final decision instructed the appellant that she should file her appeal with the Board, and the Board generally holds that an appellant's failure to follow explicit filing instructions does not constitute good cause for any ensuing delay. *Id*., ¶ 9. However, the Board has recognized an exception to this rule in cases when appellants have timely but mistakenly sent appeals of OPM's final decisions to OPM rather than to the Board. *Id*. In such cases, the Board has found good cause for the untimely filing when the following conditions have been met: (1) the delay was caused in part by the appellant's failure to follow the directions set forth in the final decision and in part by OPM's failure to direct an otherwise timely appeal to the Board; (2) the appellant

clearly intended to seek further review of the final decision; (3) the appellant was pro se; and (4) there was no showing of prejudice to the agency.[1] *Id*.

Below, the appellant stated that she received OPM's final decision on April 1, 2020 and that she mistakenly filed her appeal with OPM on April 10, 2020. IAF, Tab 8 at 4. However, the appellant asserts on review that her appeal was not misdirected to OPM and that she timely mailed it to the Board's Washington Regional Office. PFR File, Tab 1 at 4, 6. As discussed below, we find that the appellant failed to establish that she timely filed her appeal with the Board's Washington Regional Office.

Although the appellant claims on review that her appeal was timely mailed to the Board's Washington Regional Office, the record reflects that the office received her e-filed appeal well beyond the designated deadline.[2] Because the appellant asserted that she received OPM's final decision on April 1, 2020, IAF, Tab 8 at 4, her appeal must have been filed with the Board by May 1, 2020. The appellant did not e-file her appeal until January 29, 2021. IAF, Tab 1; *see* 5 C.F.R. § 1201.4(*l*) (stating that the date of a filing by e-filing is the date of electronic submission). Thus, the administrative judge properly found that her appeal was untimely filed by 268 days, or approximately 9 months.[3] ID at 4.

---

[1] An appellant must receive proper notice on the timeliness issue and a full and fair opportunity to litigate it. *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 22 (2011). Here, the administrative judge did not provide the appellant with instructions regarding the exception the Board applies when an appellant timely but mistakenly files an appeal with OPM. IAF, Tab 7; ID. However, the Acting Clerk's order put the appellant on notice of what she must do to address that issue, thus affording her with the opportunity to meet her burden on review. PFR File, Tab 5 at 2-3.

[2] As set forth above, the appellant appears to allege on review that she mailed her alleged April 10, 2020 pleading to the Board's Washington Regional Office rather than to OPM. PFR File, Tab 1 at 4, 6. However, the appellant's vague and conclusory allegation that she mailed a pleading to the Washington Regional Office on that date falls short of the standard of evidence required to show that she timely filed her appeal. *See Gaydon v. U.S. Postal* Service, 62 M.S.P.R. 198, 202-03 (1994).

[3] Along with her petition for review, the appellant has submitted the following documents: photographs of a list of addresses for the Board's regional and field offices, with the address of the Washington Regional Office circled; a photograph of an

The administrative judge found that the appellant failed to establish good cause for her filing delay, but the administrative judge did not explicitly consider whether the appellant timely but mistakenly filed an appeal of OPM's final decision with OPM rather than with the Board.  ID at 4; *see Maggard*, 102 M.S.P.R. 75, ¶ 8.  We therefore consider this issue here, and modify the initial decision's good cause analysis accordingly.

We find that the appellant's allegations both below and on review fall short of establishing by preponderant evidence that her appeal was timely filed with OPM.  The appellant asserted that she mailed her appeal to an OPM Customer Service Specialist on April 10, 2020, IAF, Tab 8 at 4, and she referenced her April 10, 2020 letter in a January 8, 2021 letter and a January 11, 2021 email to OPM, but she offered no pertinent details concerning the alleged April 10, 2020 filing, IAF, Tab 8 at 8, 11-12; *see Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198, 202-03 (1994) (finding that the appellant's mere assertion that he mailed his pleading on a particular date, without any specific details concerning the mailing, was insufficient to establish that the pleading was timely filed).  The appellant failed to submit a tracking number or a certified mail receipt regarding the alleged April 10, 2020 mailing, and has otherwise failed to present specific, credible evidence that any such pleading was actually placed in the mail stream. *See Gaydon*, 62 M.S.P.R. at 203 (stating that, when an affidavit does not present specific, credible evidence that a pleading was actually placed in the mail stream, it follows that there is no basis for finding that the pleading was timely filed). Because there was a question as to whether the appellant timely but mistakenly

_____

illegible letter signed by an OPM customer service specialist with the appellant's handwritten notations; and a screenshot of the appellant's call log from December 2020 to March 2021.  PFR File, Tab 1 at 7-10.  The appellant suggests that this evidence supports her assertion that she mailed a timely appeal to the Board's Washington Regional Office.  *Id*. at 4.  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  These documents do not establish that her appeal was timely filed with the Board's Washington Regional Office and thus do not provide a basis for review.

filed her appeal with OPM, the Clerk's Office issued a show cause order to the parties instructing them to produce all evidence they possess regarding that matter. PFR File, Tab 5. The appellant did not respond to the show cause order. In its response, OPM clarified that it had no record of receiving the appellant's April 10, 2020 letter. PFR File, Tab 6 at 4. Thus, we find that the appellant has failed to show good cause for a waiver of the filing deadline based on the exception applicable to cases in which an appellant has timely but mistakenly filed an appeal of an OPM final decision with OPM rather than with the Board. *Cf. Mohammed v. Office of Personnel Management*, 108 M.S.P.R. 609, ¶¶ 6, 11-12 (2008) (finding that good cause existed for the appellant's untimely appeal that was misfiled with OPM when she asserted that she mailed her appeal to OPM within the filing period and submitted a postal receipt documenting her mailing to OPM); *House v. Office of Personnel Management,* 44 M.S.P.R. 161, 165 (1990) (finding that good cause existed for the appellant's untimely appeal that was misfiled with OPM when he asserted that he sent his appeal to OPM within the filing period and submitted a letter from OPM referencing its receipt of his appeal).

In light of the above, we agree with the administrative judge's finding that the appellant failed to establish good cause for her untimely filing under the circumstances of this case. Accordingly, we find that her appeal was untimely filed without good cause shown for the delay. *See Bell v. Department of Homeland Security,* 112 M.S.P.R. 33, ¶ 8 (2009) (dismissing a pleading as untimely filed because a pro se appellant failed to respond to the Clerk's order on timeliness or otherwise demonstrate good cause for the delay).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.